IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-02841-CMA-STV

WARREN WEXLER,

    Plaintiff,

v.

UNITED STATES OF AMERICA, and
U.S. DEPARTMENT OF LABOR,

    Defendants.

---

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
---

This matter is before the Court on Defendants' ("the Government") Motion to Dismiss, in which the Government argues that the Court lacks subject matter jurisdiction under the Federal Employees' Compensation Act ("FECA") and the Federal Torts Claims Act ("FTCA") to hear Plaintiff Warren Wexler's challenge to a final determination of the Office of Worker's Compensation ("OWCP"). (Doc. # 12.) For the following reasons, the Court concludes that it does not have jurisdiction over this action and accordingly grants the Government's Motion to Dismiss. (*Id.*)

### I.   BACKGROUND

Plaintiff, who proceeds *pro se*, filed the instant suit on November 27, 2017. (Doc. # 1.) Plaintiff's Complaint contains limited information regarding the legal and factual background of his several claims and appeals filed with OWCP. The Government

provides additional information to help clarify this matter.  *See* (Doc. # 12-1.)  The Government primarily seeks dismissal of the Complaint on the basis of lack of subject matter jurisdiction.  For the most part, the allegations in Plaintiff's complaint are irrelevant to the resolution of the Government's Motion to Dismiss.  The Court, however, has considered relevant facts from the Government's exhibits throughout this Order as they are relevant to the Court's determination of whether it has jurisdiction over Plaintiff's claims.[1]

The Court only briefly summarizes the factual and procedural background of this case and relies in part on the Government's description of events, which it supports with numerous exhibits and affidavits.  *See* (Doc. # 12 at 3–5.)  Plaintiff applied for FECA benefits in 1991, and upon OWCP's approval of his application, OWCP began paying Plaintiff wage-loss benefits for his total disability.  (*Id.* at 3–4; Doc. # 12-1 at 5.)  However, in a decision dated December 2, 1993, OWCP partially reduced Plaintiff's wage-loss benefits because he was earning income in a vending machine business.  (Doc. # 12 at 4; Doc. # 12-1 at 7.)

After nearly a decade of requests for reconsiderations and remands for various issues, OWCP concluded on January 23, 2012, that it had improperly reduced Plaintiff's benefits in 1993.  (Doc. # 12 at 4; Doc. # 1 at 3–4.)  OWCP reversed its 1993 decision, and Plaintiff was returned to total disability.  (Doc. # 12-1 at 16–21.)  On February 21,

---

[1] Normally, when considering a motion to dismiss, the Court must disregard facts supported by documents other than the complaint unless the Court first converts the motion to dismiss into a motion for summary judgment. *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991). However, the Court may consider documents outside of the complaint if they are pertinent to its ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2006).

2012, OWCP paid Plaintiff $141,114.65—the difference between the benefits Plaintiff had been entitled to from 1988 through 2004 and the benefits Plaintiff was actually paid after OWCP's erroneous partial reduction of his benefits in 1993. (Doc. # 12 at 4; Doc. # 12-1 at 23.)

Plaintiff requested that OWCP pay him interest on the back-pay award of $141,114.65 on June 13, 2012. (Doc. # 12-1 at 25.) OWCP informed Plaintiff in a letter dated June 27, 2012, that "there is no provision in [FECA] to pay interest on any prior compensation payments made." (*Id*. at 27; Doc. # 1 at 4.) Plaintiff filed an appeal of OWCP's letter to the Employees' Compensation Appeals Board ("ECAB") on July 2, 2012. (Doc. # 12-1 at 30.) At Plaintiff's request, ECAB dismissed Plaintiff's appeal on October 31, 2012. (*Id.* at 35.)

Plaintiff previously filed a similar case in this Court, claiming that he was owed interest on the lump-sum payment of his back-pay and that OWCP acted in bad faith by denying him interest. *Wexler v. U.S. Dep't of Labor*, No. 15-cv-01514-KLM ("*Wexler I*"). The Court therein dismissed Plaintiff's Complaint upon the Government's motion, finding that Congress foreclosed judicial review of FECA determination under 5 U.S.C. § 8128(b). (*Wexler I*, Doc. # 38 at 5.) The Court observed that there is a narrow exception to FECA's preclusion of judicial review where a plaintiff claims OWCP violated a constitutional right. (*Id.* at 6) (citing *Staacke v. U.S. Sec'y of Labor*, 841 F.2d 278, 281 (9th Cir. 1988)). It did not consider that exception however because Plaintiff "ha[d] not made any claims, allegations, or arguments would [could have been] construed as fitting this exception." (*Id.*)

3

Plaintiff sent a self-styled "Notice of Claim" to the Government on April 17, 2017, informing the Government that he intended to file suit under FTCA. (Doc. # 1 at 3–5.) He asserted a "violation of the takings clause," claiming that "he is entitled, under the Taking Clause of the Fifth Amendment, to be paid interest on the back-pay he was awarded." (*Id*. at 4.) Plaintiff requested $500,000 in interest, $1,000,000 in "time, energy, effort and stress," and $3,000 in "incidental expenses." (*Id*. at 5.) Plaintiff contends that the Government did not respond to this communication. (*Id.* at 3.)

Plaintiff filed the suit now before the Court on November 27, 2017. (Doc. # 1.) He argues that the Government "owe[s] him interest of [sic] the backpay amount under the Takings Clause." (*Id.* at 2.) He asserts the Court has jurisdiction pursuant to FTCA, and he cites only the Takings Clause as the legal basis for his demand for interest and other damages. *See generally* (*id.*)

The Government filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on January 24, 2018, arguing that the Court lacks subject matter jurisdiction because "5 U.S.C. § 8128(b) precludes judicial review of OWCP decisions regarding FECA benefits." (Doc. # 12 at 1.) Plaintiff timely filed his Response on February 5, 2018 (Doc. # 15), to which the Government replied on February 14, 2018 (Doc. # 16).

## II. <u>GOVERNING LAW</u>

### A. *PRO SE* PLAINTIFF

Plaintiff proceeds *pro se*. The Court, therefore, reviews his pleading "liberally and hold[s] [it] to a less stringent standard than those drafted by attorneys." *Trackwell v.*

4

*United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (a court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). Nor does *pro se* status entitle a litigant to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

B.    **FEDERAL RULE OF CIVIL OF CIVIL PROCEDURE 12(B)(1)**

Federal Rule of Civil Procedure 12(b)(1) concerns whether a court has jurisdiction to properly hear the case before it. "Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya*, 296 F.3d at 955 (citing *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994)). Statutes conferring subject matter jurisdiction on federal course are to be strictly construed, and doubts resolved against federal jurisdiction. *F & S Const. Co. v. Jensen*, 337 F.3d 160, 161–62 (10th Cir. 1964). "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

5

Rule 12(b)(1) challenges may take two forms: a facial attack on the sufficiency of the plaintiff's allegations as to subject matter jurisdiction or a factual attack on the actual facts upon which subject matter jurisdiction is based. *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citing *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995)). Here, the Government raises a factual attack. (Doc. # 12 at 6.) The Government may, therefore, go beyond allegations contained in Plaintiff's Complaint. *See Holt*, 46 F.3d at 1003. The Court "may not presume the truthfulness of the complaint's factual allegations" and "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id.* (citing *Wheeler v. Hurdman*, 835 F.2d 257, 259 n.5 (10th Cir 1987)). In these circumstances, the Court's reference to evidence outside the Complaint does not convert the motion to a Rule 56 motion for summary judgment. *Id.*

**C.     FECA**

"FECA defines the United States' exclusive liability for claims for federal employees for work-related injuries." *Wideman v. Watson*, 617 F. App'x 891, 894 (10th Cir. 2015) (citing 5 U.S.C. §§ 8102(a), 8116(c)); *Farley v. United States*, 162 F.3d 613, 615 (10th Cir. 1998)). It provides that "the United States will pay compensation for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty . . . ." 5 U.S.C. § 8102(a), 20 C.F.R. § 10.1. The Secretary of Labor has the authority to administer and decide all questions arising under FECA. 5 U.S.C. § 8145. The Secretary may also prescribe rules and regulations necessary for the administration and enforcement of the Act. 5 U.S.C. § 8149. The authority provided

by 5 U.S.C. §§ 8145 and 8149 has been delegated by the Secretary to the Director of the OWCP. 20 C.F.R. § 10.2. The OWCP's discretion in determining how to administer FECA has been described as "virtually limitless." See *Markham v. United States*, 434 F.3d 1185, 1188 (9th Cir. 2006).

Once OWCP has rendered a decision regarding benefits, FECA provides opportunities for a claimant to pursue administrative review if the claimant disagrees with the determination, including: (1) within 30 days, requesting a hearing before an OWCP hearing representative or requesting that such representative review the written record, (2) within 180 days, filing an appeal with ECAB, or (3) within one year, requesting reconsideration of the decision. *See* 5 U.S.C. §§ 8116, 8124, 8128, 8149; 20 C.F.R. §§ 10.605–10.610, 10.615–10.622, Part 501.

FECA's compensation scheme is comprehensive and exclusively administrative. 5 U.S.C. § 8116. Congress has foreclosed judicial review of FECA determinations, providing that, "[t]he action of the Secretary or her designee in allowing or denying a payment under this subchapter is – (1) final and conclusive for all purposes and with respect to all questions of law and fact; and, (2) not subject to review by another official of the United States or by a Court by mandamus or otherwise." 5 U.S.C. § 8128(b). "In enacting [FECA] Congress adopted the principal compromise . . . commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 194 (1983).

The Supreme Court has noted that Section 8128(b) of FECA is a model preclusion-of-review statute, stating that Congress uses such "unambiguous and comprehensive language" "when [it] intends to bar judicial review altogether." *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 779–80 (1985); *see also Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991) ("FECA contains an 'unambiguous and comprehensive' provision barring any judicial review of the Secretary's determination of FECA coverage")).

### III.　ANALYSIS

**A.　THIS COURT LACKS JURISDICTION**

As the Court explained above, Section 8128(b) of FECA explicitly precludes judicial review of workers' compensation decision. A "determination of coverage . . . made by the Secretary of Labor or his designee" is therefore "final and not subject to judicial review." *Cobia v. United States*, 384 F.2d 711, 712 (10th Cir. 1967). Plaintiff does not directly contest this rule, and he claims that his action "is not an appeal of a final agency order." (Doc. # 15 at 1.)

Plaintiff nonetheless requests that the Court overturn OWCP's determination that he is not due interest on the lump sum back-pay payment it awarded to Plaintiff in 2012. The Court assumes Plaintiff is attempting to invoke an exception to Section 8128(b)'s preclusion of judicial review—where the claimant raises constitutional claims. *See Staacke*, 841 F.2d at 281; *see also* (Doc. # 15 at 1.) Plaintiff argues that the withholding of his interest amounts to a seizure of his property in violation of the Takings Clause—a

8

claim that rings in constitutional law—and so the Court may address his claim and grant him relief.  *See generally* (Doc. # 15.)

The Court agrees with the Government that Plaintiff's "casting of his claim in constitutional terms" is insufficient to establish the Court's subject matter jurisdiction over his action.  *See* (Doc. # 12 at 8.)  Although FECA does not "take the 'extraordinary' step of foreclosing jurisdiction over constitutional claims, . . . a mere allegation of a constitutional violation [is] not . . . sufficient to avoid the effect of [its] statutory finality provision."  *Rodrigues v. Donovan*, 769 F.2d 1344, 1348 (9th Cir. 1985.)  "[W]hen the casting of a claim in constitutional terms is a mere 'rhetorical cover' for a claim for benefits that the door-closing statutes are intended to block, the suit fails."  *Czerkies v. U.S. Dep't of Labor*, 73 F.3d 1435, 1442 (7th Cir. 1996).

Even reviewing Plaintiff's pleading "liberally and hold[ing] [it] to a less stringent standard than those drafted by attorneys," *see Trackwell*, 472 F.3d at 1243, the Court concludes that Plaintiff does not actually assert a constitutional claim; he merely casts his grievance with OWCP's denial of interest in terms of the Takings Clause.  The Government has explained in this litigation, in Plaintiff's prior litigation, and elsewhere that interest on retroactive awards is not permitted under FECA.  *See* (Doc. # 12 at 9.)  Plaintiff does not have a property interest in retroactive interest, and he therefore cannot state a viable constitutional claim under the Takings Clause.

The Court therefore concludes that Section 8128(b) precludes judicial review of Plaintiff's claim for interest.  Plaintiff's apparent attempt to cloak his claim in

constitutional terms fails, as he has no basis for asserting a property interest in interest and cannot state a viable takings claim.

## B. THE COURT DECLINES TO TRANSFER THIS CASE

Plaintiff alternatively asserts that the Court should transfer his case to the Court of Federal Claims under 28 U.S.C. § 1631, rather than dismiss without prejudice. (Doc. # 15 at 3.) Under 28 U.S.C. § 1631, if the Court determines that "there is a want of jurisdiction" over a case, it "shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action or appeal could have been brought." 28 U.S.C. § 1631. The burden of proving whether transfer is appropriate rests upon a plaintiff. *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 108 (10th Cir. 2012).

The Court declines Plaintiff's request to transfer because Plaintiff has not demonstrated how his claim "could have been brought" in the Court of Federal Claims. While *pro se* Plaintiff's pleadings are to be liberally construed, the Court is precluded from supplying additional allegations to round out Plaintiff's request. *Whitney*, 113 F.3d at 1173–74. Further, FECA's preclusion of judicial review, Section 8128(b), applies to the Court of Federal Claims, just as it applies to this Court. *See, e.g., Pueschel v. United States*, 297 F.3d 1371, 1377 (Fed. Cir. 2002) (applying Section 8128(b) to bar review of challenge of FECA benefits in the Court of Federal Claims). Therefore, because Plaintiff has failed to show alternative grounds for which the Court of Federal Claims would have jurisdiction, transfer is inappropriate.

## IV. CONCLUSION

Based on the forgoing analysis, the Court GRANTS Defendant's Motion to Dismiss (Doc. # 12). It is

FURTHER ORDERED that this case DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

DATED: April 26, 2018

BY THE COURT:

*[signature: Christine M Arguello]*

_____
CHRISTINE M. ARGUELLO
United States District Judge